**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ANTHONY STEPHEN WALKER,**

**Plaintiff,**

**v.** **Case No. 26-CV-1321**

**STATE OF WISCONSIN and**
**MILWAUKEE COUNTY CIRCUIT COURT,**

**Defendants.**

---

**ORDER**

---

On July 30, 2026, plaintiff Anthony Stephen Walker, who is incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) On August 6, 2026, Walker filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 6.) This order screens his complaint and resolves the motion.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Walker was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must

then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

Walker filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 6.) On August 3, 2026, the court ordered Walker to pay the sum of $17.28 on or before September 3, 2026. (ECF No. 5.) Walker paid the initial partial filing fee on August 28, 2026. The court will grant Walker's motion for leave to proceed without prepayment of the filing fee and allow him to pay the remaining balance of the filing fee over time in the manner explained at the end of this order.

## SCREENING OF THE COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must

contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Allegations and Analysis*

Walker alleges that during criminal proceedings in Milwaukee County Circuit Court he was not timely given an initial appearance or preliminary hearing. (ECF No. 1 at 3.) He also states that his right to a speedy trial was violated and his property was taken without a warrant or a court order. (*Id.*)

Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Hildebrant v. Ill. Dep't of*

*Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). Because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must specifically allege what each individual defendant did (or did not do) to violate his constitutional rights. Section 1983 only allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. Neither the State of Wisconsin nor the Milwaukee County Circuit Court are people.

The court will allow Walker to file an amended complaint. In his amended complaint Walker should state simply and plainly what individual officers of either the State of Wisconsin or Milwaukee County who arrested him did or did not do to violate his constitutional rights. He should also provide dates of the alleged violations. If Walker does not know the name of the defendants who allegedly violated his rights, he may identify them as "John Doe" or "Jane Doe." If his amended complaint is allowed to proceed, Walker will have an opportunity to conduct limited discovery to determine the defendants' identities.

Walker must submit the amended complaint by the deadline below. If an amended complaint is received, the court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the court will dismiss the action because the current complaint does not state a claim upon which relief may be granted.

The court will enclose an amended complaint form along with this decision. Walker must use the form. If he needs more space, he may attach up to five

additional pages. Walker is advised that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint or any supplements. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Walker's motion for leave to proceed without prepayment of the filing fee (ECF No. 6) is **GRANTED.**

**IT IS FURTHER ORDERED** that on or before **December 23**, **2026,** Walker may file an amended complaint. If the court does not receive an amended complaint by that date, the court will dismiss this action based on the current complaint's failure to state a claim. The court will also issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Walker shall collect from his institution trust account the $332.72 balance of the filing fee by collecting monthly payments from Walker's prison trust account in an amount equal to 20 percent of the preceding month's income credited to Walker's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Walker is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Walker is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Walker is further advised that the failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Walker is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Walker's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Questions," this guide contains information that Walker may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 24th day of November, 2026.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge